IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JED ALAN GRAHAM, M.D.,** | § | |
| | § | |
| Petitioner | § | |
| | § | |
| v. | § | **C.A. No.** 20-cv-3433 |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| Respondent | § | |

### MOTION FOR RETURN OF PROPERTY SEIZED FROM PETITIONER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

COMES NOW, Petitioner, JED ALAN GRAHAM, M.D., by and through his undersigned counsel, and pursuant to FED. R. CRIM. P. 41(g) respectfully requests that this Court order the United States to return property seized from Petitioner. In support of this motion, Petitioner would show as follows:

### BASIS FOR MOTION

Dr. Jed Alan Graham is physician practicing in Houston, Texas. Dr. Graham was a practicing physician at Angel's Medical Clinic when a warrant no. H19-1604M ("Warrant") was executed and the U.S. Government seized computers and medical records from the facility. A grievance and complaint is presently pending against Dr. Graham with the Texas Medical Board, no. 18-6831, wherein Dr. Graham is accused of unprofessional conduct in violation of the Health & Safety Code Chapter 164 among other violations relating to treatment Dr. Graham provided to patients of Angels Medical Clinic. The records needed to defend against the complaint by the Texas

1

2936723v.2

Medical Board are in the possession of the U.S. Government as they were seized in execution of the Warrant.  Dr. Graham brings this Motion to recover the medical records seized by the U.S. Government and which are needed by Dr. Graham to defend against the allegations by the Texas Medical Board.  No criminal charges are pending against Dr. Graham related to the execution of the Warrant.

## FACTUAL BACKGROUND

Dr. Graham is licensed to practice medicine in two states: Texas and South Carolina.  In 1999, Dr. Graham received his medical degree from Ross University School of Medicine.  In 2003, Dr. Graham completed his residency in Family Medicine at Self Regional Family Practice Residency in Greenwood, South Carolina. That same year, Dr. Graham became Board Certified in Family Practice by the American Board of Family Practice.  He was recertified in 2013. During the course of his practice, Dr. Graham developed an interest in pain management.  In July of 2015, Dr. Graham became certified as a Medical Review Officer and Substance Abuse Professional by the American Association of Medical Review Officers.

On or about July 4, 2019, Dr. Graham joined the practice at Angel's Medical Clinic located at 5003 College Park Drive, Deer Park, Texas.  On or about August 28, 2019, the Warrant was executed seizing computers and other electronic devices as well medical records for patients of this facility.  *See* Exhibit A.

On or about February 19, 2020, Dr. Graham received notice from the Texas Medical Board that an investigation was initiated relating to his treatment of about 15 patients treated at Angel's Medical Clinic.  *See* Exhibit B.  The records needed by Dr. Graham to defend himself in the Texas

Medical Board matter were seized upon the execution of the Warrant. Dr. Graham needs these medical records to defend himself against the allegations raised by the Texas Medical Board. No criminal charges have been brought against Dr. Graham in relation to the execution of the Warrant or the property seized.

## ARGUMENT & AUTHORITY

A federal court may exercise its equitable powers "to order the suppression or return of unlawfully seized property even though no indictment has been returned." *United States v. Search of Law Office, Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 409 (5th Cir. 2003) (citation omitted). Rule 41(g) also empowers "a district court to entertain on equitable grounds a pre-indictment motion for return of property." *Id.* Rule 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

The Fifth Circuit counsels "caution and restraint" in exercising this "anomalous jurisdiction." *Brown*, 341 F.3d at 409. The Court should grant pre-indictment motions to suppress or return property only after consideration of several factors. These include: (1) whether the motion "alleges that government agents . . . in seizing the property displayed a callous disregard for [the plaintiff's] constitutional rights"; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) whether the plaintiff "would be irreparably injured by denial

3

of the return of the property"; and (4) whether the plaintiff has an "adequate remedy at law for the redress of his grievance." *Id.* at 410.

It is well settled that "Though styled as a motion under a Federal Rule of Criminal Procedure, when the motion is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction." *United States v. Comprehensive Drug Testing*, 513 F.3d 1085, (9th Cir. August 26, 2009)(en banc). Petitioner does not have to demonstrate that his property was seized unlawfully in order for him to be entitled to the return of his property:

> That Rule 41(g) is broader than the exclusionary rule can no longer be in doubt in light of the 1989 amendments which explicitly authorize a motion to return property on behalf of any "person aggrieved by an unlawful **search** and seizure of property *or by the deprivation of property.*" Fed.R.Crim.P. 41(g) (emphasis added). This language was designed to expand the rule's coverage to include property lawfully seized. *See id.* advisory committee notes.

*Id.* at *10.

In this instant case, the Dr. Graham needs the medical records of his patients that were seized by the U.S. Government. Without the medical records seized, Dr. Graham cannot adequately defend himself of the allegations raised by the Texas Medical Board regarding his treatment of his patients. Dr. Graham does not intend to interfere with the Government's investigation, but merely requests a copy of the medical records and files seized by the Government so that he can adequately defend himself against the allegations raised by the Texas Medical Board. Dr. Graham has no other remedy available. His only available remedy is to obtain a copy of the medical files and records seized from the U.S. Government via this Motion.

The government currently possesses property belonging to Petitioner. Petitioner has a right to the return of that property. Petitioner requests that this Court order the United States to return a copy of the property to him.

WHEREFORE PREMISES PERMITTED, Petitioner, Jed Alan Graham, M.D., respectfully prays this Court grant him this Motion and order the U.S. Government to produce a copy of the medical records and files seized by the U.S. Government to Dr. Graham, and for any other relief to which he is justly entitled, at equity or at law.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By: _____/s/_____ *John R. Shepperd*_____
John Shepperd
State Bar No. 18236050
john.shepperd@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile:  (713) 785-7780

**ATTORNEY-IN-CHARGE FOR
PETITIONER JED ALAN GRAHAM, M.D.**

**OF COUNSEL:
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER, LLP**

Elvia E. Hague
Texas Bar No. 24083451
Federal Bar No. 3242929
Elvia.Hague@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 Phone
(713) 785-7780 Facsimile

2936723v.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice has been filed electronically with the Clerk using CM/ECF and furnished by electronic delivery this 5th day of October, 2020 to Ryan K. Patrick, United States Attorney- Southern District, 1000 Louisiana, Ste. 2300, Houston, Texas 77002.

By: *s/ John Shepperd*
JOHN SHEPPERD

2936723v.2