AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ANGEL'S CLINICA FAMILIAR<br>5003 College Park Drive<br>Deer Park, TX, USA 77536 | Case No. **H19-1604M** |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Texas_____
*(identify the person or describe the property to be searched and give its location)*:

ANGEL'S CLINICA FAMILIAR
5003 College Park Drive
Deer Park, TX, USA 77536
See Attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachments A-1 and B.

**YOU ARE COMMANDED** to execute this warrant on or before _____September 4, 2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Peter Bray_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued: **8/27/19   6:23 pm**                                                  *Peter Bray*
                                                                                                      *Judge's signature*

City and state:   Houston, Texas                                                United States Magistrate Judge Peter Bray
                                                                                                *Printed name and title*

Exhibit A

## ATTACHMENT B
## DOCUMENTS AND THINGS TO BE SEIZED

A. All records relating to violations of federal law, including: 21 U.S.C. § 841 (Distribution of Controlled Substances); 21 U.S.C. § 846 (Conspiracy to Distribute Controlled Substances); and 21 U.S.C. § 856(a)(2) (Maintaining a Drug-Involved Premises) (the "SUBJECT OFFENSES"); those violations involving the CAMERON DTO occurring after January 1, 2010, including:

1. Patient files and related clinical records, patient testing orders and testing reports used or obtained in patient care, appointment notes, procedure notes, physicians' orders, communication notes, assessments, insurance pre-certifications, follow-up/discharge assessments, other patient assessments, medication profiles, consent forms, office compliance reviews, clinical records reviews, clinical licenses and certifications, correspondences, patient progress notes, and patient visit logs/sign-in sheets.

2. Forms, or other claims for, or data submitted in support of, payment by Medicare, Medicaid, private insurance, or by a monetary instrument of the patient (such as cash or check).

3. Remittance advices, receipts, and other records showing payments received from Medicare, Medicaid, private insurance, or by a monetary instrument of the patient.

4. Inquiry replies and memoranda, notes, correspondence, emails, lists, logs, or ledgers commenting upon or reflecting verification of a patients' eligibility or ineligibility for treatment under Medicare, Medicaid, or private insurance.

5. Memoranda, notes, correspondence or emails concerning any inspection, review, audit or inquiry from any Federal, State, or local regulatory agency or any private insurance company.

6. Instructions, advice, policies, procedures, directives, manuals, memoranda, notes and emails relating to coding or billing.

7. Instructions, lists, memoranda, notes, emails or other documents regarding how to obtain referrals for patients and how to provide referrals for patients; to whom or to what Services(s) to refer for service and to whom or to what Services(s) to avoid referring for service; to which individuals or Services of individuals should services be discouraged; how to schedule patients for services; when and how to verify and bill insurance; and how and why to prepare/structure certifications, procedure notes, or other documentation to obtain payment from government and private health care programs.

8. Patient ledgers and other documents reflecting services provided to patients by the referenced company or personnel.

Page 1 of 4

Exhibit A

9. Memoranda, notes, correspondence emails, tracking logs, satisfaction questionnaires and other records relating to any patient complaints or disputes regarding any services, the billing for such services, or payments to patients of the referenced company or personnel.

10. Personnel and payroll files and records, such as employee lists, documents reflecting names, addresses, duration of employment, personnel files, pay schedules, W-2s, 1099s, commissions, duties and reasons for separation or termination from employment of all present and past officers, employees and independent contractors of the referenced company or personnel.

11. Payroll records, work schedules, time sheets, appointment books, employee notes or summaries, and other records showing the services provided by and all payments made to or for nurses, nurse aids, physicians, physical therapists and other persons providing health services on behalf of the reference company or personnel.

12. Records identifying the names, addresses and phone numbers of medical doctors, medical assistants, licensed nurses, nurse aids, and other persons providing health services on behalf of the referenced company or personnel.

13. Physician lists, referral lists, and other records identifying the names, addresses and phone numbers of persons or entities that have referred patients to the referenced company or personnel.

14. Corporate and business records for the referenced company or personnel, such as articles of incorporation, resolutions, minutes of stockholders and board of directors, meetings, records regarding officers' duties and responsibilities, licensing records, property records, ownership corporate structure, control and ownership of the referenced company or personnel.

15. Bank and brokerage account monthly statements, opening records, checks, wire transfers, check registers, cancelled checks, deposit tickets and records of transfer.

16. Invoices, purchase orders, credit card information, wire transfers, payments, account statements, and investment records.

17. Calendars, appointment books, telephone message pads, day planners, logs, correspondence, rolodexes, personal digital assistants (PDAs), emails, and addresses books.

18. Any correspondence, including transmissions by facsimile and stored e-mail, exchanged between any of the referenced company or personnel.

19. Computers or storage media used as a means to commit the violations described above, including, for any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in

Page 2 of 4

Exhibit A

which is stored records or information that is otherwise called for by this warrant (hereinafter, each a "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the COMPUTER user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER, including if necessary during the execution of the search of the SUBJECT PREMISES described in Attachment A, by compelling individuals found at the SUBJECT PREMISES—who officers reasonably believe to be users of the COMPUTER—to provide biometric information, whether for face recognition, retinal scan, pressing of fingers (including thumbs) to touch sensor(s) or otherwise, for the purpose of attempting to unlock the COMPUTER in order to search the contents as authorized by this warrant.;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite"

Page 3 of 4

Exhibit A

web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

20. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

21. The term "COMPUTER" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

22. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

Exhibit A

## ADDENDUM TO ATTACHMENT B

With respect to law enforcement's review of any COMPUTER, law enforcement (i.e., the federal agents and prosecutors working on this investigation and prosecution), along with other government officials and contractors whom law enforcement deems necessary to assist in the review of the COMPUTER (collectively, the "Review Team") are hereby authorized to review, in the first instance, the COMPUTER and the information and materials contained in them, as set forth in this Attachment B.

If law enforcement determines that all, some, or a portion of the information or materials on the Devices contain or may contain information or material subject to a claim of attorney-client privilege or work-product protection (the "Potentially Privileged Materials"), the Review Team is hereby ordered to: (1) immediately cease its review of the specific Potentially Privileged Materials at issue; (2) segregate the specific Potentially Privileged Materials at issue; and (3) take appropriate steps to safeguard the specific Potentially Privileged Materials at issue.

Nothing in this addendum shall be construed to require law enforcement to cease or suspend the Review Team's review of the COMPUTER upon discovery of the existence of Potentially Privileged Materials on one or more of the COMPUTER.

Exhibit A

## ATTACHMENT A-1

## PREMISES TO BE SEARCHED

ANGEL'S CLINICA FAMILIAR, 5003 College Park Dr., Deer Park, TX, Harris County, Texas.

ANGEL'S CLINICA FAMILIAR is a single story medical office located on the corner of College Park Drive and Spencer Highway. The clinic is marked with blue signage and located next to Fleming Chiropractic.



Exhibit A

**U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION**
## RECEIPT FOR CASH OR OTHER ITEMS

**TO:** (Name, Title, Address (including ZIP CODE), if applicable)
Angels Clinica Familiar
5003 College Park Dr
Deer Park, TX

**FILE NO.**

**G-DEP IDENTIFIER**

**FILE TITLE**

**DATE** 8/28/2019

**DIVISION/DISTRICT OFFICE**
Houston Division

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 1 | Apple MacBook SN: DX1JWU3MF5WW | evidence |
| 1 | HP Laptop SN: 5CD8260SKM | evidence |
| 1 | LTS DVR QR Code sticker # XOTCVG | evidence |
| 2 | SSEE bags containing undetermined amount of US currency | evidence |
| 65 | boxes w/ misc. clinic records | evidence |
| 2 | SSEE bags containing clinic | |

nothing follows

**RECEIVED BY (Signature)**
M Melendez

**NAME AND TITLE (Print or Type)**
DI Monique Fernandez

**WITNESSED BY (Signature)**
P H

**NAME AND TITLE (Print or Type)**
DI Paul Herrera

FORM DEA-12 (8-02) Previous editions obsolete

Electronic Form Version Designed in JetForm 5.2 Ve

Exhibit A